IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SASHA FOLDEN,**

    **Plaintiff,**

v.              Case No. 3:24-cv-00371

**THE RETREAT AESTHETIC AND
VITALITY CENTER,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

  Pending is Plaintiff's *pro se* complaint and Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). As part of its initial screening, the court should determine whether it has subject matter jurisdiction over the claims asserted by Plaintiff. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). The court should *sua sponte* dismiss a case when subject matter jurisdiction is lacking. *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) ("It is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority.").

  "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986).

"Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *United States v. Cotton,* 535 U.S. 625, 630 (2002)). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

There is no presumption that a federal district court has subject matter jurisdiction over a dispute. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Instead, the existence of jurisdiction depends upon the allegations contained in the complaint. *Id.* (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936)) (holding "the party who seeks the exercise of jurisdiction in his favor … must allege in his pleadings the facts essential to show jurisdiction"). The mere assertion of a federal claim is insufficient to establish subject matter jurisdiction. *Davis,* 856 F.2d at 650.

Subject matter jurisdiction in the United States District Courts exists in one of two circumstances: (1) when a "federal question" is presented, or (2) when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Title 28 U.S.C. §§ 1331, 1332. If jurisdiction is premised upon on a federal question, the plaintiff must "assert a *substantial* federal claim." *Lovern,* 190 F.3d at 654 (quoting *Davis,* 856 U.S. at 650). The "doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system." *Id.* at 655 (citing *Davis,* 856 U.S. at 651).

Here, Plaintiff claims that subject matter jurisdiction is based on both a federal question and diversity of citizenship. Examining first federal question jurisdiction, Plaintiff does not reference any underlying federal statute or constitutional provision that confers subject matter jurisdiction in federal court, "nor is any type of federal question

2

jurisdiction otherwise evident from the face of the complaint." *Powell v. Cape Fear Valley Hosp.*, No. 5:14-CV-160-BO, 2014 WL 2505646, at *2 (E.D.N.C. June 3, 2014). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hasley v. Farmer*, No. 1:12CV75, 2012 WL 2153167, at *1–2 (N.D.W. Va. June 13, 2012) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). Plaintiff alleges medical malpractice by individuals who are not associated with the state or federal government; instead, Plaintiff received services from a private facility. She does not identify any federal laws that were violated, nor are any federal statutes implicated by these facts. Therefore, unless Plaintiff can articulate a federal question, this Court does not have federal question jurisdiction over this matter.

If Plaintiff cannot identify a federal question, the Court's jurisdiction over the complaint is only proper "if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, pursuant to 28 U.S.C. § 1332." *Shelton v. Crookshank*, No. 3:17-CV-108, 2018 WL 527423, at *2 (N.D.W. Va. Jan. 24, 2018), *aff'd as modified,* 742 Fed. Appx. 782 (4th Cir. 2018). Complete diversity of citizenship means that there is no plaintiff and no defendant in the case who are citizens of the same State. Plaintiff is a resident of West Virginia and received her medical care at a facility in West Virginia. While she provides an Ohio address for one of the defendants, **all of the defendants** must be citizens of states other than West Virginia for there to be complete diversity of citizenship.

Accordingly, Plaintiff is **ORDERED** to amend her complaint within **thirty (30) days** of the date of this Order and clarify the basis of her claim that this Court has subject matter jurisdiction. She must either identify the federal question at issue, or provide addresses for each defendant demonstrating that the defendant is not a citizen of West

Virginia. If Plaintiff is unable to demonstrate subject matter jurisdiction, she can file a Notice with the Clerk requesting that the case be voluntarily dismissed and may proceed in state court. Plaintiff's Application will be held in abeyance until the complaint is amended.

**Plaintiff is notified** that her failure to comply with this Order shall result in a recommendation that the case be dismissed. Plaintiff is also advised of her obligation as a *pro se* plaintiff to notify the Clerk of any changes in her contact information.

The Clerk is instructed to provide a copy of this Order to Plaintiff.

**ENTERED:** August 6, 2024

Cheryl A. Eifert
United States Magistrate Judge